Commonwealth ex rel. Clark, Appellant, *v.* Day.

202

Argued March 25, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Charles F. G. Smith,* for appellant.

*Victor Wright,* Assistant District Attorney, with him *Christopher F. Edley,* Assistant District Attorney, and *Samuel Dash,* Acting District Attorney, for appellee.

OPINION BY HIRT, J., July 21, 1955:

On June 23, 1949, the relator pleaded guilty on Bill 348 June Sessions, 1949 to the charge of armed robbery. He is now in the Eastern State Penitentiary serving the sentence imposed, for a term of from ten to twenty years. On August 30, 1954, he presented his present petition, the most recent of a series of like petitions, for his discharge on habeas corpus. The writ was awarded but after hearing he was remanded to custody under the sentence.

Relator contended that his fundamental constitutional rights were violated and that he was entitled to his discharge on three grounds, viz: (1) that when he appeared in court on the charge, the trial judge entered a plea of guilty for him although he refused to change his prior plea of not guilty; (2) that his attorney then was intoxicated and for that reason he was not adequately represented and (3) that the robbery was planned by three men and that he was coerced into accompanying them, although not a party to the plan.

At the hearing on the writ relator's employer testified that he was present in court when relator appeared for trial and after talking with relator's counsel he advised relator to act on his counsel's advice and to plead guilty. Relator thereupon withdrew his plea of not guilty and pleaded guilty to the charge. Relator testified that his counsel was intoxicated but the testimony of his employer was to the effect that nothing in counsel's "conduct, manner or speech suggested that he had been drinking" and that witness "would not say" that counsel was intoxicated. The record of the proceedings before the court, when defendant was arraigned contains the testimony of James E. Floyd, the manager of the Senate Theatre at 17th and Susquehanna Streets in Philadelphia, to this effect: that at 11:20 of the night in question he, with the day's receipts in a brief case, walked from the theatre to a parked automobile at the curb in front of the theatre; that a police officer, in the employ of the theatre, was seated in the car for his protection, and as he was about to enter the automobile "The defendant Clark ran over to me, pulled a gun out of his pocket and pointed it at me and told me to give him the bag." There followed an exchange of shots between relator and the officer who was acting as a guard for the manager of the theatre. Relator was wounded, as a result of which

he spent about two weeks in a hospital. Counsel who had been retained by relator's wife and his employer, also appeared as a witness. He testified that he was convinced from a number of conferences that relator deliberately participated in the commission of the crime and that "he didn't think there was any possibility of any jury believing his story that he was coerced." He testified further that the circumstances indicated that relator was the principal actor in the perpetration of the crime and it was he who took the bag containing the money from the manager; that he did not coerce relator into changing his plea and that the charge of intoxication was "absolutely false." Counsel also stated that his conduct in representing relator was not questioned until the present hearing more than five years later.

From the testimony at the hearing on the writ Judge SLOANE was unable to find merit in any of the grounds alleged by relator for his release. In this appeal from the order denying relief on habeas corpus, relator's argument is directed to the single averment that he was forced to participate in the holdup against his will.

The burden of proving the truth of that contention was on relator. *Com. ex rel. Johnson v. Dye,* 159 Pa. Superior Ct. 542, 548, 49 A. 2d 195. The plea of guilty entered by the defendant was presumptively regular. *Com. ex rel. Jenkins v. Ashe,* 341 Pa. 334, 19 A. 2d 472; and the evidence clearly supports the finding of Judge SLOANE that relator was not forced against his will to participate in the holdup. Since the findings of the hearing judge are thus supported by the evidence, his findings are conclusive. *Com ex rel. Kitchen v. Burke,* 175 Pa. Superior Ct. 597, 107 A. 2d 193; *Com ex rel. Martin v. Baldi,* 174 Pa. Superior Ct. 111, 100 A. 2d 142.

Order affirmed.