Commonwealth ex rel. Jennings, Appellant, *v.* Maroney.

Submitted October 6, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Clyde Jennings,* appellant, in propria persona.

*C. W. Shattuck,* District Attorney and *Guy B. Mayo,* Assistant District Attorney, for appellee.

OPINION BY ERVIN, J., November 16, 1955:

This is an appeal from an order of the lower court discharging a rule for a writ of habeas corpus sought by appellant, who is now a prisoner in the Western State Penitentiary of Pennsylvania.

The only question presented on this appeal is whether the relator was denied his constitutional right to have compulsory process for obtaining witnesses in his favor under the sixth and fourteenth amendments to the Constitution of the United States and under sections one and nine of Article I of the Constitution of Pennsylvania.

We have read the entire record in this matter and are agreed that the order should be affirmed upon the opinion of the lower court, portions of which are as follows: "On the 23rd day of February, 1953, the case . . . in which petitioner was charged with operating a motor vehicle while under the influence of intoxicating liquor, was called for hearing . . . . An attorney was appointed to defend the petitioner, and a plea of not guilty was entered.

"After a jury was drawn, the jury was recessed until the next morning at 10 o'clock.

"The exact time of the issuing of the subpoena for Albert O'Neil, a brother-in-law of petitioner, Clyde Jennings, whom he desired as a witness, does not appear in the record, but a statement by the attorney for the defendant . . . indicates that at about a quarter to 10 on the morning of February 24, the Sheriff stated that he would endeavor to secure the presence of O'Neil as soon as possible.

"After three officers had testified on behalf of the Commonwealth, and the defendant had given his testimony, O'Neil not having been found, court was recessed until 1:30 P.M. At that time O'Neil was still not in evidence, and the court, after hearing the Commonwealth's rebuttal, recessed until 3:30 P.M., in order to give more time for the service of the subpoena upon O'Neil. At 3:30 P.M., the witness still not having been found, and there being nothing to indicate that a further brief recess would be likely to eventuate in the

production of O'Neil, the addresses of the attorneys to the jury were delivered, followed by the charge of the court. The jury brought in a verdict of guilty.

"... The principal question before us to decide, when considering the motion to discharge the rule, was whether the application for process to bring in petitioner's witness was *timely*. It is true that Glenn E. Mencer was not appointed by the court to represent Jennings until the trial was about to start. After the discussion which took place concerning the appointment of a lawyer for defendant, etc., before Mencer's appointment to represent him, Jennings said, 'You see, the way I understand it, Albert O'Neil, the owner of the truck, was supposed to be here as a witness.' Upon the court's saying, 'Well, he could probably be here by tomorrow, I suppose. You mean a witness in your behalf?' Jennings responded, 'Yes, sir.' After his appointment, Attorney Mencer stated that defendant would stand trial and that they were prepared to draw a jury, which was thereupon proceeded with.

"As above indicated, the court twice recessed the jury, in order to give more time for the subpoenaing of O'Neil.

"A reference to the proceedings in the alderman's court may be of interest and have some bearing on the question before us.

"The alderman's record shows that defendant was represented by counsel in the initial stages of the proceeding. August 22, 1952, upon advice of Attorney Henry A. Onofrio, defendant pled not guilty. He was held in bail for a hearing set for August 30, 1952, at 2 P.M. Albert O'Neil signed the recognizance, dated August 22, 1952, for defendant's appearance at the hearing, to be held on the 30th. At the hearing on the 30th, Attorney William P. McVay substituted for Attorney Henry A. Onofrio, who was on a vacation.

Three police officers testified on behalf of the Commonwealth, and defendant also testified. Attorney McVay asked for a continuance to give opportunity for defendant to call in another witness. This was evidently Albert O'Neil, as no other defense witness was mentioned anywhere in the record. Defendant was directed to furnish a new bond for his appearance September 3, 1952, at 7 *o'clock P.M.* Albert O'Neil also signed this bond, dated August 30, 1952. However, the record shows that at *11 A.M.* on September 3, defendant appeared, and, at the suggestion of Attorney McVay, defendant rested. Again, Albert O'Neil signed defendant's recognizance, dated September 3, 1952, this time for his appearance at the next term of the Court of Quarter Sessions.

"It is of interest that, on all three of these occasions Albert O'Neil signed a recognizance dated, in each case, the day of the hearing, but was not called as a witness for defendant, though, in one instance, the request for the hearing was specifically based on the desire of defendant to call another witness, evidently Albert O'Neil.

"The Commonwealth's answer to defendant's petition indicates the belief of the Commonwealth that defendant, on account of a long record, is well versed in matters of criminal procedure. If true, the inference would naturally be that defendant should have known that the subpoenaing of a prospective witness should have been attended to.

". . . Jennings had from September 3, 1952, until February 23, 1953, to get in touch with his witness or witnesses. If Jennings was certain that O'Neil was willing to appear at the trial without being subpoenaed, he should have arranged for him to come. If Jennings was not certain that O'Neil would appear voluntarily, he should have had him subpoenaed, which he had

abundant time to do. There is no allegation on the part of defendant in his petition that O'Neil was willing to testify. The entire situation tends to give color to the contention of the Commonwealth that O'Neil did not want to testify, nor can it be known whether or not O'Neil's testimony would have been favorable to defendant.

"It is not difficult to imagine a reason why O'Neil, whose car defendant was alleged to have been driving while under the influence of intoxicating liquor, and who was placed by the Commonwealth's witnesses in the seat with defendant, would wish to keep as far away as possible from any participation in the case. Whether he was in a restaurant, as testified by defendant, or in the car, as testified by the officers, it is understandable that he would not be anxious to testify. If he was in the restaurant, his testimony as to the salient facts in the case would probably not have been of value. If he was in his car with defendant (or even if not in the car), there might have been some risk of his being prosecuted for law violation, if the testimony of the officers were believed. He may have feared that his testimony, if favorable to defendant, would stir the officers to activity in bringing prosecution against him.

"Under all the circumstances, we were not convinced, when we made the order discharging petitioner's rule and dismissing his petition, and are not now convinced, that defendant's application for process to bring in his witness was timely."

Even if the lower court should be considered in error, it was at best a trial error and not the subject of relief in a habeas corpus proceeding. *Com. ex rel. Matthews v. Day,* 381 Pa. 617, 114 A. 2d 122; *Com. ex rel. Bishop v. Maroney,* 382 Pa. 324, 114 A. 2d 906.

Order affirmed.