Commonwealth ex rel. Moore, Appellant, *v.* Tees.

Submitted September 26, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Russell Moore,* appellant, in propria persona.

*Samuel Dash,* District Attorney and *Victor Wright,* Assistant District Attorney, for appellee.

OPINION BY HIRT, J., November 16, 1955:

Relator was indicted on Bills Nos. 47 and 48 June Sessions 1949 in the Quarter Sessions of Philadelphia County. Bill 47 contained 4 counts. The record in the quarter sessions is that when arraigned before the late President Judge FRANK SMITH "at the bar of the court . . . as to Bill 47 he pleads guilty to the second and fourth counts; not guilty as to the first and third counts." In the second count he was charged with assault with intent to rob, and in the fourth count with robbery together with other persons. Bill 48 to which he pleaded not guilty charged him with carrying a concealed deadly weapon. He was tried before Judge SMITH on Bill 48 and on counts one and three of Bill 47, without a jury, and was found guilty on all of these charges. On June 23, 1949, he was sentenced generally on Bill 47 by Judge SMITH to a term of ten to twenty years in the Eastern State Penitentiary.

The proofs at the trial clearly convicted relator with participation in the robbery of the manager of a theater, as indicted, along with one Thomas Clark and a third accomplice who escaped from the scene of the crime. He admitted that he was the "lookout" for the other two and the evidence establishes that he was armed with a revolver. He was wounded in an exchange of shots with Officer Teel. At the trial he contended that he was forced against his will to participate in the holdup. The same contention was unsuccessfully advanced by Clark in a habeas corpus proceeding brought by him. See *Commonwealth ex rel. Clark v. Day,* 178 Pa. Superior Ct. 201, 115 A. 2d 247. At the trial he took the stand in his own defense. He said that Clark and another, referred to as "Rob", came to his house and asked him to join them in the holdup. He decided to go although he said that he "didn't like the job." There is no evidence of coercion

in his testimony. He said: "By having a couple of drinks is the reason for my participation in the particular crime." There was no motion for a new trial after his conviction and no appeal from the judgment of sentence.

Against this background relator petitioned for his discharge on habeas corpus. The writ was awarded and at the hearing before Judge KUN he contended that he never signed a waiver of jury trial, in accordance with the Act of June 11, 1935, P. L. 319, as amended, 19 PS §786. On that ground he maintains that his conviction after trial before Judge SMITH, without a jury, was a nullity. The fact that a written waiver signed by relator was missing from the file of the quarter sessions at the time of the hearing on the writ—almost six years after the date of sentence—is not conclusive of the question whether such waiver was in fact signed. We agree with Judge KUN that "The paper could have been lost or mislaid in handling, or even stolen from the records since the papers in the case are public records and are open to public inspection." Relator was represented when arraigned and throughout his trial by Joseph Alessandroni, Jr., Esq., a capable member of the Volunteer Defender Staff. The endorsement "Jury Trial Waived" appears on both of the indictments as well as in the transcript of the proceedings at the time of trial and the relator is bound by the record in the quarter sessions in that respect until the contrary affirmatively appears. *Com. ex rel. Velos v. Tees,* 175 Pa. Superior Ct. 297, 104 A. 2d 339. The record demonstrates that relator went to trial before Judge SMITH without protest from him or his counsel either during trial or at the time of sentence. There was a presumption of regularity of the proceedings in the trial of relator without a jury in the quarter sessions, which became much stronger with the pas-

sage of almost six years since his conviction. Cf. *Commonwealth ex rel. Spencer v. Ashe,* 364 Pa. 442, 71 A. 2d 799. In a habeas corpus proceeding the judgment of conviction carries with it a presumption of regularity which can be overcome only by evidence clear and convincing. *Com. ex rel. Richter v. Burke,* 175 Pa. Superior Ct. 255, 103 A. 2d 293. The relator denied that he signed waivers but his credibility was for the hearing judge (*Com. ex rel. Howard v. Claudy,* 175 Pa. Superior Ct. 1, 102 A. 2d 486) and Judge KUN did not believe him. We are in accord with Judge KUN's conclusion that the presumption of regularity in the proceedings and especially in the presumption that Judge SMITH did not proceed with the trial in violation of the law, was not overcome in this case.

Appellant contends that he did not plead guilty to any of the counts on Bill 47. The endorsements on the Bills and the record of his trial show that he did. The same presumption of regularity rebuts his contention in that respect under the circumstances. Accordingly even if there were merit in his first position that he did not sign a waiver of jury trial, appellant is not entitled to discharge in this proceeding. He pleaded guilty to robbery and to assault with intent to rob, and he was convicted in a general verdict on two other counts charging like offenses. He was sentenced generally on all four counts of the bill. The sentence does not exceed the maximum for robbery with other persons on the 4th count upon which appellant was convicted by his plea of guilt. The sentence therefore cannot be set aside. *Commonwealth v. Waychoff,* 177 Pa. Superior Ct. 182, 110 A. 2d 780.

So also there is no merit in relator's vague allegation of "Lack of a valid indictment" referring we assume to Bill 47. The indictment is regular on its face, and in any view after relator pleaded guilty on two

of the counts, and went to trial on the other two, he cannot now set up insufficiency of the indictment as ground for his release on habeas corpus. *Com. ex rel. Jenkins v. Ashe,* 341 Pa. 334, 336, 19 A. 2d 472.

Relator was properly remanded to custody after hearing on the writ.

Order affirmed.