## Commonwealth *v.* Copeland, Appellant.

Submitted December 13, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

387

*Edward Copeland,* appellant, in propria persona.

*William G. Klenk, II,* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 24, 1966:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
This is an appeal by a defendant who was convicted of the illegal sale and possession of narcotics. Appellant is not represented by counsel in this appeal.

The Commonwealth's brief states that originally, "By letter appellant sought to 'appeal' and requested the notes of testimony. [The trial judge] treated the 'appeal' as a motion for new trial and denied same. He thereafter ordered that appellant be given a copy of the notes. Thereafter, it would appear that Jerome Balka, Esquire, was appointed counsel for the purpose of perfecting an appeal; for some reason which is not

on the record said appointment was rescinded. For this reason, as previously communicated to the Court, this Office has no objection to the hearing of this appeal as if it had been filed in a timely manner."

Appellant has a right to counsel in this appeal unless he has intelligently and understandingly waived this right. *Commonwealth v. Sliva,* 415 Pa. 537, 204 A. 2d 555 (1964). For an unknown reason the appointment of appellant's counsel was rescinded by the lower court. In light of the uncertainty with respect to appellant's representation, I would remand this case to the lower court with directions that it ascertain whether appellant is aware of his right to counsel on appeal and has intelligently waived this right. If appellant does not choose to waive this right, counsel should be appointed to represent him before us. Only after the question of counsel is resolved, however, should we determine the merits of this appeal.

MONTGOMERY, J., joins in this dissenting opinion.