Opinion by
 

 Wright, J.,
 

 Edward Copeland was indicted in the Court of Quarter Sessions of Philadelphia County on Bill No. 2226 March Sessions 1964, charging the unlawful possession and sale of narcotic drugs. The ease was tried on August 3, 1965, before Judge McClanaghan without a jury. Copeland was found guilty, and sentence was imposed. Copeland then appealed to this court on the ground that he had been unconstitutionally deprived of counsel. His contention was rejected in
 
 Commonwealth v. Copeland,
 
 207 Pa. Superior Ct. 386, 217 A. 2d 754. Our Supreme Court refused allocatur, and the Supreme Court of the United States denied certiorari. Copeland then petitioned for a writ of habeas corpus in the United States District Court,
 
 *197
 
 which tribunal ordered that the writ be granted, subject to the appointment of an attorney to prosecute an appeal nunc pro tunc. Present counsel was thereafter appointed, and this appeal followed.
 

 The contention now advanced on this appeal is that Copeland did not waive his constitutional right to a jury trial because he did not sign a waiver in writing in accordance with the Act of June 11, 1935, P. L. 319, 19 P.S. 786. The first section of that statute reads as follows (italics supplied) : “In all criminal cases, except murder and treason, the defendant shall have the privilege, with the consent of his attorney of record, the judge and the district attorney, to waive trial by jury.
 
 Such waiver must be in writing, signed by the defendant,
 
 and shall operate as an election by the defendant to be tried by a judge without a jury”. The second section of the statute provides that, where such a waiver has been filed, any judge of the court in which the cause is pending shall have jurisdiction to hold the trial and render a general verdict.
 
 [1]
 
 The instant record discloses the following colloquy: “The Court: I direct a plea of not guilty to be entered. How do you elect to be tried? Do you wish to be tried by a jury or by a Judge without a jury? The Defendant: Your Honor, I wish the record to shoAV I stand mute, I have nothing to say. The Court: All right, the defendant stands mute. The case will proceed without a jury”.
 

 The constitutionality of the Act of 1935 was sustained in
 
 Commonwealth v. Kramer,
 
 146 Pa. Superior Ct. 91, 22 A. 2d 46. Discussing the Act, our Supreme Court has stated that, before a court is empowered to try a criminal case without a jury, the defendant “must
 
 *198
 
 always sign a written waiver”:
 
 Commonwealth ex rel. Wilson v. Banmiller,
 
 393 Pa. 530, 143 A. 2d 657. We are unable to agree with the contention of the Commonwealth that literal compliance with the statute is not required. The two cases cited in support of this contention are clearly distinguishable. See
 
 Commonwealth ex rel. Henderson v. Kruger,
 
 180 Pa. Superior Ct. 374, 119 A. 2d 870, and
 
 Commonwealth ex rel. Spader v. Myers,
 
 187 Pa. Superior Ct. 654, 145 A. 2d 870. It will therefore be necessary to grant a new trial.
 

 We are impelled to add that the trial judge in the instant case is an able and patient jurist. A review of the procedural history lends support to his statement “that the defendant was contemptuous of the judicial process and of the court”. However, we are all of the opinion that, in the absence of a written waiver, the court below lacked jurisdiction to try the case without a jury.
 

 Judgment reversed with a venire.
 

 [1]
 

 These two sections have been suspended and supplanted by Criminal Procedural Rules Nos. 1101 and 1102, effective August 1, 1968.