## Commonwealth *v.* Watts, Appellant.

Argued March 19, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Louis M. Natali, Jr.,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Charles A. Klein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Wright, P. J., April 14, 1970:

On March 24, 1969, French Watts was called for trial in the Criminal Section of the Trial Division of the Court of Common Pleas of Philadelphia on two bills of indictment returned at November Term 1968. Bill No. 996 charged possession of narcotic drugs. Bill No. 997 charged use of narcotic drugs. Watts pleaded not guilty to both charges and the case was heard nonjury by the Honorable Joseph R. Glancey. A motion for a directed verdict of not guilty was granted as to Bill No. 997. A verdict of guilty was entered as to Bill No. 996. On June 26, 1969, motions for a new trial and in arrest of judgment were denied and sentence was imposed. Watts has appealed.

The contention advanced on this appeal is that Watts did not properly waive his constitutional right to a jury trial because there was no waiver in writing, and no colloquy regarding waiver appears in the record as required by Pa. R. Crim. P. 1101.[1] This rule became

---

[1] "In all cases, except those in which a capital crime is charged, the defendant may waive a jury trial with the consent of his at-

effective August 1, 1968, and suspends the Act of June 11, 1935, P. L. 319, 19 P.S. 786.

Our most recent decision on the subject is *Commonwealth v. Copeland*, 212 Pa. Superior Ct. 195, 240 A. 2d 391, which concerned a nonjury trial on August 3, 1965, wherein there had been no waiver in writing. It was held in *Copeland* that the court below was without jurisdiction to try a criminal case without a jury unless a waiver in writing had been signed by the defendant in accordance with the Act of 1935. We quoted the statement of our Supreme Court in *Commonwealth ex rel. Wilson v. Banmiller*, 393 Pa. 530, 143 A. 2d 657, that, before a court is empowered to try a criminal case without a jury, the defendant "must always sign a written waiver".

It is argued by the able counsel for the Commonwealth (1) that appellant raised no objection either at trial or in his post-trial motions, citing *Commonwealth v. Whiting*, 205 Pa. Superior Ct. 92, 208 A. 2d 1; and (2) that, since the indictment bears a notation that jury trial was waived, the presumption of regularity applies, citing *Commonwealth ex rel. Moore v. Tees*, 179 Pa. Superior Ct. 634, 118 A. 2d 224. These arguments are not persuasive in view of the frank admission in the Commonwealth's brief that "there is no inquiry on the record concerning appellant's waiver of jury trial".

Briefly stated, fundamental error clearly appears in the case at bar because of the entire failure to comply with the requirements of Pa. R. Crim. P. 1101. It will therefore be necessary to grant a new trial.

Judgment reversed with a venire.

---

torney, if any, the attorney for the Commonwealth, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record and shall be in the following form. . ."