Opinion by
 

 Watkins, J.,
 

 This is an appeal from the judgment of sentence imposed after conviction in a trial by court without a jury of felonious sale and possession of narcotics, by the defendant-appellant, Angel Miranda; and from the refusal of post-trial motions.
 

 On June 7, 1970, the defendant was arrested and charged with felonious possession and sale of narcotic drugs as well as corrupting the morals of a minor and violation of “The Drug, Device and Cosmetic Act”. He waived his right to jury trial and was found guilty of sale and possession of narcotic drugs and not guilty of corrupting the morals of a minor.
 

 The facts in this case are as follows: A police officer acting upon an informant’s tip went to the corner of Seventh and Master Streets, Philadelphia, Pennsylvania. He arrived at about 8:00 P.M. in his own car and not in full police uniform. The officer was about fifteen or twenty feet away from the defendant when he observed Juan Rodriguez, age 17, speak to the defendant. The defendant then stooped down and stuck his hand into a rainspout from which he pulled out one white, glazed packet, handed it to Rodriguez in exchange for a Five Dollar Bill ($5.00). The arrest was made while the defendant had the Five Dollar Bill and Rodriguez the white, glazed packet. After the arrest, the officer seized the glazed packet and four other packets from the rainspout.
 

 At trial, Rodriguez was called by the Commonwealth as a witness. He was only asked his age at the time of the incident. Defense counsel sought, on cross-examination, to elicit testimony denying that the transaction had taken place. The court sustained the objec
 
 *160
 
 tion to the testimony concerning the incident and continued the case so that criminal charges against the witness might be disposed of in order to preclude the possibility that the witness might incriminate himself and further that it was improper cross-examination as the only question asked the witness was his age. No objection to the continuance was made by the defendant at that time and no application made to secure the attendance of the witness for the continued hearing. Before the conclusion of the first hearing, the laboratory analysis disclosed heroin was contained in the five glazed packets.
 

 At the continued hearing held on February 16,1971, the Commonwealth was unable to produce Rodriguez and stated that two bench warrants to secure his attendance were outstanding. Defense counsel confirmed this and believed the witness to be in Puerto Rico.
 

 A motion for a mistrial was made by the defendant because of the absence of the witness. This was denied by the court below. The defense then presented two character witnesses and the defendant denied that the transaction ever took place. The court below found him guilty of possession and sale of dangerous drugs and not guilty of corrupting the morals of a minor. Post-trial motions were denied and he was sentenced to two to five years.
 

 The two issues on appeal are: (1) the waiver of a jury trial was not knowingly and intelligently made; and (2) that he was denied his Sixth Amendment right to confront and cross-examine the eyewitness.
 

 As to the first contention, the defendant clearly in this case was fully warned of his constitutional rights to a trial by jury and knowingly and intelligently waived it as shown in the record as follows: “By Me. Bateman: Q. Mr. Miranda, this is your day of trial; do you understand this, sir? A. Yes. Q. You have signed prior to coming to the bar of this Court, a paper
 
 *161
 
 called a waiver of a jury trial; is that correct? A. Yes. Q.That waiver says you are giving up your right to a trial by jury; do you understand that? A. Yes. Q. If you were to have your case tried by a jury, that would mean that 12 citizens would be selected to hear and decide the facts of this case; do you understand that? A. Yes. Mr. Zav/rotney : If your honor please, the official court interpreter is here now. We would like to thank the officer for his service. Julio San,tenis, Official Court Interpreter was sworn and testified as follows: By Mr. Bateman (To the Defendant) : Q. If these 12 people were selected, they would all have to be unanimous in finding that you were guilty before you could be found guilty; do you understand that? A. Yes. Q. Now, were it to a jury or a judge sitting as a jury, the burden will be upon the Commonwealth to prove your guilt beyond a reasonable doubt; do you understand that? A. Yes. Q. But if there were a jury, it would be 3 2 people that would have to agree, but the judge sitting as a jury is the only man that must find your guilt beyond a reasonable doubt before you could be found guilty; do you understand that? A. Yes. Q. And knowing all this, is it your own free will and choice to have the judge sit and hear your case? A. Yes. Q. And this is after consulting with me and my advice to you not to the contrary; is that correct? A. Yes. The Court : I will accept the waiver.”
 
 Commonwealth v. Watts,
 
 216 Pa. Superior Ct. 300, 264 A. 2d 439 (1970). Furthermore, the defendant signed a written, formal waiver with the approval of the court, the District Attorney and his own counsel as required by Pa. E. Crim. P. 1101.
 
 Commonwealth v. Copeland,
 
 212 Pa. Superior Ct. 195, 240 A. 2d 391 (1968). As the court below put it: “Obviously, defendant manifested to this court that he did not desire a trial by jury.”
 

 In regard to the second contention concerning the failure of Rodriguez to appear at the continued hearing.
 
 *162
 
 The court below said: “Defendant’s other argument is equally without merit. Defendant, in his brief, states, ‘Demand was made to have process assure his attendance (Rodriguez), and this was ■'denied. The record is completely devoid of any application on the part of defendant for compulsory process to obtain the presence of the witness, Rodriguez. In fact, this witness was present when the trial commenced on October 21, 1970, at which time the defendant could have assured his presence by serving him with a subpoena there. Therefore, defendant was not denied by constitutional right to have compulsory process, since no application for process to command this witness’s presence was ever presented to this court.”
 

 Even if we were to consider the motion for a mistrial on February 12 as an application for compulsory process the request was untimely.
 
 Commonwealth ex rel. Jennings v. Maroney,
 
 179 Pa. Superior Ct. 571, 118 A. 2d 287 (1955). The defendant had five months from October 21, 1970, to February 16, 1971, to insure that the witness would be present at the continued trial. This is especially true when the defendant contends that the witness would corroborate his story and that the incident never took place. Although the defendant knew Rodriguez was not present at his residence, no request for a subpoena was made under the “Uniform Act to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings.”, Act of June 23,1941, P. L. 147, Section 1,19 P.S. Section 622.1 et seq. As the court below said: “A defendant cannot idly delay until the date set for trial and then request compulsory process to secure witnesses in his favor. Such an attempt must be considered as untimely and, therefore, even if defendant’s motion for a mistrial were considered as a request for compulsory process, it must be denied.”
 

 
 *163
 
 The Commonwealth had issued two bench warrants to insure the presence of the witness because the Commonwealth was convinced his testimony would support the officer and the presence of this eyewitness may well have weakened the Commonwealth’s case to the advantage of the defendant.
 

 Judgment of sentence affirmed.
 

 Spaulding, J., dissents.