Commonwealth *v.* Carter, Appellant.

Submitted March 28, 1974.  Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Burton Spear,* and *Renninger, Spear & Kupits,* for appellant.

*David Richman,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 21, 1974:

Appellant, David Carter, raises three assignments of error on this direct appeal.  He contends that (1) his waiver of a jury trial was improperly accepted, (2) reversible error was committed in that the trial judge knew of appellant's prior criminal record, and (3) he was deprived of effective assistance of counsel.  As we agree with him that his waiver of a jury trial was not properly accepted, we will reverse the judgment of sentence and remand for a new trial on that basis.  We need not consider appellant's additional allegations.

Appellant was tried by a judge without a jury, following a waiver colloquy.  No written waiver appears on the record, and appellant did not object to the lack of a written waiver during trial.  He was convicted of

aggravated robbery and of carrying firearms on a public street or place, and sentenced to a term of six to twenty years on the robbery conviction. Sentence was suspended as to the second conviction.

No post-trial motions were filed, as the trial judge sentenced appellant immediately after the conclusion of trial, despite appellant's request for a pre-sentence psychiatric report. This court, as a general rule, will not hear an issue on appeal where there was a failure to properly preserve the matter for appeal in the court below. *Commonwealth v. Whiting,* 205 Pa. Superior Ct. 92, 208 A.2d 1 (1965) ; *Commonwealth v. Robinson,* 317 Pa. 321, 176 A. 908 (1935). But where the error which was not objected to at trial is basic and fundamental, it will be considered on appeal. *Commonwealth v. Williams,* 432 Pa. 557, 248 A.2d 301 (1968). The noncompliance of the court below with Rule 1101 is such a fundamental error. *Commonwealth v. Watts,* 216 Pa. Superior Ct. 300, 264 A.2d 439 (1970).

Rule 1101 of the *Pennsylvania Rules of Criminal Procedure* permits a defendant to waive a jury trial with the consent of the court, the Commonwealth's attorney, and defendant's own attorney, if the trial judge is satisfied through a colloquy on the record that such waiver is knowing and intelligent. The waiver must be in writing and made part of the record,[1] in the form specifically set forth in the rule. This rule became effective on August 1, 1968, as amended, January 21,

---

[1] The Rule 1101 which was in effect at the time appellant was tried provided: "In all cases, except those in which a capital crime is charged, the defendant may waive a jury trial with the consent of his attorney, if any, the attorney for the Commonwealth, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record and shall be in the following form. . . ."

1969, and suspended the Act of June 11, 1935, P. L. 319, No. 141, §1, 19 P.S. §786.[2]

The requirements of Rule 1101 are mandatory, and where the trial court fails to obtain a written waiver from the defendant, pursuant to the Rule, it is without jurisdiction to try the case. *Commonwealth ex rel. Wilson v. Banmiller,* 393 Pa. 530, 143 A.2d 657 (1958);[3] *Commonwealth v. Watts, supra; Commonwealth v. Copeland,* 212 Pa. Superior Ct. 195, 240 A.2d 391 (1968).

Where, as in the instant case, there is no written waiver on record, we must remand for a new trial.

Judgment of sentence reversed and case remanded for a new trial.

---

[2] Rule 1101 was again amended on March 29, 1973, but such amendment is not relevant to the instant appeal.

[3] *Banmiller* was decided before the effective date of Rule 1101; however, under the Act of June 11, 1935, P. L. 319, No. 141, §1, 19 P.S. §786, the same written waiver was required as is necessary under Rule 1101.