344 A.2d 846

COMMONWEALTH of Pennsylvania, Appellant,

v.

David CARTER.

Supreme Court of Pennsylvania.

Argued June 24, 1975.

Decided Oct. 3, 1975.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Mark Sendrow, Philadelphia, for appellant.

John W. Packel, Chief, Appeals Div., Defender Assn. of Phila., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

The appellee, David Carter, was tried without a jury and found guilty of aggravated robbery and a firearms violation. Immediately following announcement of his verdict the trial judge imposed sentence on the robbery conviction of not less than six years nor more than twenty years in prison; sentence on the firearms conviction was suspended. No post-verdict motions were filed prior to sentencing. From the judgment on the robbery verdict, the appellee took an appeal to the Superior Court in which he argued that three alleged errors required a new trial. The assignments of error were: (1) that his waiver of trial by jury had been improperly accepted; (2) that the trial judge obtained knowledge during the trial of Carter's prior criminal record; and (3) that Carter had been denied the effective assistance of trial counsel.[1] The Superior Court reversed the judgment of sentence and remanded the case for a new trial on the first ground—ineffective waiver of jury trial. This holding was considered necessary because of a violation of Rule 1101 of the Pennsylvania Rules of Criminal Procedure,[2] in that no written jury trial waiver was in-

1. The appellee was represented in the Superior Court by counsel other than trial counsel.

2. Pa.R.Cr.P. 1101, 19 P.S. (1975 pamphlet), provides:
  "In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the

cluded in the record. Upon petition of the Commonwealth, we allowed this appeal.[3]

Of primary importance in our disposition of this appeal is the effect of the appellee's failure to file motions in arrest of judgment or for a new trial. The making of post-verdict motions allows the trial court the first opportunity to pass upon claims of error in the proceeding before it. If that court grants the requested relief, an appeal may have been avoided; if the relief sought is denied, appellate courts will have the benefit not only of the arguments of the parties but also of the lower court's opinion on the issues raised. See Rule 56 of the Rules of the Supreme Court. Thus, post-verdict motions promote judicial economy and the orderly administration of the appellate process. It is for these reasons that, as a rule, issues not raised by way of post-verdict motions in the trial court will not be considered on appeal. *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974) ; See *Commonwealth v. Mitchell,* 461 Pa. 555, 337 A.2d 292 (1975) ; *Commonwealth v. Bronaugh,* 459 Pa. 634, 331 A.2d 171 (1975).[4]

court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record and shall be in the following form: . . . ."

3. Act of July 31, 1970, P.L. 673, No. 223, art. II, § 204, 17 P.S. § 211.204 (Supp.1975).

4. Because the non-filing of post-verdict motions severely limits the issues a criminal defendant may raise on appeal, the decision to forego the filing of such motions is tantamount to a decision to forego taking an appeal. It therefore must be an intelligent one, made with knowledge of the right to file such motions and of the consequences of failing to do so. See *Commonwealth v. Schroth,* 458 Pa. 233, 328 A.2d 168 (1974). The question whether a waiver of post-verdict motions was voluntary and intelligent will be considered by appellate courts if it was raised at the earliest opportunity on appeal; otherwise, that question itself is waived. See *Commonwealth v. Jones,* 460 Pa. 713, 334 A.2d 601 (1975).

■ The question whether trial counsel for a criminal defendant has effectively represented his client constitutes a necessary exception to this rule. To expect a lawyer to argue his own ineffectiveness would be unrealistic (and often demeaning to the lawyer) and to require a criminal defendant to recognize the ineptitude of his lawyer would be unreasonable. The effectiveness of trial counsel will therefore be considered on appeal despite the fact that the issue was not advanced in the trial court, provided that it has not been waived at any time after the termination of the representation of the defendant by the lawyer whose effectiveness is questioned.[5]

■ From what has been said it follows that Carter's failure to file post-verdict motions precluded him from raising in the Superior Court the validity of his waiver of a jury trial and the effect of the trial judge's knowledge of Carter's prior criminal record,[6] the issue of ineffectiveness of trial counsel, however, was available to him. Because that issue was raised in his appeal to the Superior Court (the first opportunity to do so after trial counsel was no longer involved in the case) it has not been

Since Carter was tried Pa.R.Cr.P. 1123(c), 19 P.S. (1975 pamphlet) has been amended to provide:

"Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal."

Similarly, Pa.R.Cr.P. 1123(b), 19 P.S. (1975 pamphlet) stipulates that these warnings must precede the acceptance by the trial judge of a waiver of the filing of motions, which waiver must be on the record and voluntarily and understandingly made.

5. As to when a claim of ineffective assistance of trial counsel is waived by the failure to raise it at any particular stage of the appellate process, see *Commonwealth v. Strachan,* 460 Pa. 407, 333 A.2d 790 (1975); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

6. The appellee has made no claim in this Court that his failure to file post-verdict motions was due to an involuntary and uninformed decision. See note 4 *supra.*

waived. The Superior Court having decided the appeal upon an issue which had not been properly preserved for appellate review,[7] the case must be remanded to that court for consideration of the one issue which was properly before it—whether the appellee was denied the effective assistance of trial counsel.

The order of the Superior Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

ROBERTS, J., filed a concurring opinion in which MANDERINO, J., joins.

ROBERTS, Justice.

I agree with the majority that the failure to file post-verdict motions precludes appellee from attacking the validity of his waiver of jury trial in this proceeding. I also agree that the Superior Court must consider the one issue which was properly before it, whether appellee was denied the effective assistance of counsel. However, I believe that the majority has failed to analyze the rela-

7. While recognizing the general rule that issues not raised in post-verdict motions will not be considered on appeal, the Superior Court based its entertainment of the jury trial waiver issue upon the ground that the absence from the record of the written waiver form prescribed by Rule 1101, *supra*, n. 2, was basic and fundamental error. Although an error of sufficient magnitude to be classified as "basic and fundamental" was formerly considered an exception to the general rule that appellate courts will not decide an issue which has not been properly preserved at the trial level, this exception has now been discarded. See *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). (In *Clair* the writer of this opinion filed a dissenting opinion, joined by Mr. Justice EAGEN and Mr. Justice O'BRIEN; in *Dilliplaine* the writer of this opinion filed a concurring and dissenting opinion, joined by Mr. Justice EAGEN). Even were the exception still recognized, it is doubtful that the non-compliance with Pa.R. Cr.P. 1101 would qualify for the exception. See *Commonwealth ex rel. Moore v. Tees*, 179 Pa.Super. 634, 118 A.2d 224 (1955), *cert. den.* 351 U.S. 913, 76 S.Ct. 705, 100 L.Ed. 1447 (1956); cf. *Commonwealth v. Watts*, 216 Pa.Super. 300, 264 A.2d 439 (1970); *Commonwealth v. Copeland*, 212 Pa.Super. 195, 240 A.2d 391 (1968).

tionship of these two claims correctly and has created the possibility of an unnecessary and burdensome judicial proceeding.

The failure to file post-verdict motions would be a basis for a finding of ineffective assistance of counsel if counsel's decision not to file had no reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). However, a finding of ineffective assistance of counsel would not, of itself, require the grant of a new trial; the only appropriate relief would be the filing of the post-verdict motions and a determination of those motions on the merits.

Normally, the Superior Court should remand to the trial court to hear and rule on the motions in order to create an adequate record for review. See *Commonwealth v. Harris,* 443 Pa. 279, 281, 278 A.2d 159, 160 (1971). However, such a remand is not necessary in every case. If the record before the Superior Court is adequate to reach the merits of the post-verdict motions, the remand would be an unnecessary burden on the judicial system and would only delay any relief to which appellant might be entitled. See *Commonwealth v. Minnick,* 436 Pa. 42, 45, 258 A.2d 515, 517 (1969); *Commonwealth v. Culpeper,* 434 Pa. 15, 19–20, 252 A.2d 624, 626–27 (1969).

I would remand this case to the Superior Court to consider appellant's claim of ineffective assistance of counsel. If the Superior Court concludes that counsel was ineffective and that there is an adequate record from which it can resolve the issue counsel allegedly failed to raise on post-verdict motions, it should decide that issue as well. The case should be remanded to the trial court only if the record is inadequate.

MANDERINO, J., joins in this concurring opinion.