J-S07029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS J. YACOBUCCI, II | : | |
| | : | |
| Appellant | : | No. 410 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 19, 2020
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000858-2018

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM OPINION BY DUBOW, J.:          **FILED: JUNE 29, 2021**

Appellant Thomas J. Yacobucci, II, appeals from the February 19, 2020 Judgment of Sentence entered after the Hon. Timothy M. Sullivan found him guilty after a bench trial of one count of Theft by Unlawful Taking-Moveable Property, a misdemeanor.[1] After careful review of the certified record, we vacate the conviction and remand for a new trial.

We glean the underlying facts and procedural history from the certified record and the trial court's Opinions and Orders. *See* Pa.R.A.P. 1925(a) Opinion, dated 7/10/2020; Trial Court Opinion and Order, dated 12/5/2019 ("TCO"); and Order dated 2/19/2020.

---

[1] 18 Pa.C.S. §§ 3903(b), 3921(a).

On March 19, 2018, the Commonwealth charged Appellant with Theft by Unlawful Taking–Movable Property and Receiving Stolen Property, both classified as misdemeanors in the first degree for which Appellant, if convicted, would be subject to a term of up to five years' incarceration. The charges arose from Appellant's refusal to return personal property owned by Dennis Nixon, *i.e.*, a small trailer, which Appellant had borrowed for one-day's work. Appellant filed a Motion to Suppress which the court denied.

On April 15, 2019, the parties selected a jury but "the matter was continued after the Commonwealth agreed to withdraw all misdemeanor charges[.]" TCO, dated 12/5/19, at 2. **See also** Criminal Motion for Continuance and Order (one preprinted form), filed 5/15/19 (indicating Appellant requested a continuance because "District Attorney has agreed to drop all misdemeanors and proceed with a summary trial by court with Judge Sullivan on the remaining summary charge"). However, the record contains no motion to amend the criminal information, as required by Pa.R.Crim.P. 564, and no document showing that the court or Commonwealth amended the criminal information before trial to remove the misdemeanor charges and add any summary offense.

On August 23, 2019, the day of trial, notwithstanding the lack of an amended criminal information, the court stated on the record that the parties and the court agreed to proceed "on a summary offense of theft by unlawful taking." Although, as discussed *infra*, there is no statutory authority that

allows a court to re-catagorize a misdemeanor as a summary offense, the court proceeded to a bench trial.  N.T. Trial, 8/23/19, at 4.

Based on its erroneous belief that it had the authority to deem the offense a summary offense that therefore would not require that Appellant be afforded the right to a jury trial, the court did not colloquy Appellant to ascertain that he understood he was waiving his right to a jury. **See** Pa.R.Crim.P. 620 (requiring colloquy of jury trial waiver on the record and a written waiver signed by the defendant and witnessed by the judge, the Commonwealth's attorney and the defendant's attorney to waive the right to a jury trial).  In fact, the record contains no evidence that Appellant waived his right to a jury trial.

Seven witnesses testified for the Commonwealth. **See id**. at 4-202. Appellant elected not to testify. **See** N.T. Trial, 11/21/19.

On December 5, 2019, the court entered an Opinion and Order finding that the Commonwealth met its burden of proving that Appellant committed the crimes of Theft by Unlawful Taking – Movable Property and Receiving Stolen Property.

On February 19, 2020, Judge Sullivan conducted a sentencing and restitution hearing, in which he reiterated that he had found Appellant guilty of Theft by Unlawful Taking-Moveable Property after a trial.  *See* N.T.- Sentencing and Restitution Hearing, 2/19/20, at 3. The judge directed his clerk to enter an Order vacating the Receiving Stolen Property conviction. The court then ordered Appellant to pay $1,187.42 in restitution to the victim, in

addition to a fine of $100 and court costs. Appellant paid the restitution in cash directly to the victim that same day in court. ***See*** TCO at 3. Because Appellant paid the restitution immediately, the court did not impose a sentence of incarceration or probation. ***See*** Trial Court's Pa.R.A.P. 1925(a) Op., at 3 (acknowledging its "significant consideration [given to Appellant] in making the victim whole that day" and stating that "[i]t was our intention to impose the maximum period of supervision of ninety (90) days until payment of restitution in full"). The court clerk entered the Judgment of Sentence on February 19, 2020, and the Restitution Order on February 27, 2020.[2]

On March 13, 2020, following the conviction, sentencing, and payment of the ordered restitution, the court executed a "Consent Order" which changed Appellant's conviction from Theft by Unlawful Taking to Retail Theft:

> AND NOW, this 13th day of March, 2020, the parties having agreed that the Trial by Court in this matter was proceeding with the Defendant being tried on a summary offense of retail theft, it is hereby ORDERED, DIRECTED and DECREED that **the Criminal information is hereby modified and the Criminal Complaint is amended such that the charge against the Defendant, for which he has been found guilty, is Retail Theft, a summary offense.**

---

[2] Also, on February 27, 2020, the court entered a separate Order amending the Order of December 5, 2019, "to reflect that the defendant was found guilty of only one summary offense, *i.e.*, Theft by Unlawful Taking-Movable Property" and vacating "[a]ny prior adjudication of guilty for Receiving Stolen Property[.]" As discussed ***infra***, because the legislature has defined Theft by Unlawful Taking to be a First-Degree Misdemeanor, the trial court erroneously classified the Theft by Unlawful Taking as a summary offense.

Emphasis added.

The prosecutor and defense counsel signed and dated a document entitled "JOINDER AND CONSENT," annexed to the Consent Order, which provides that the prosecutor and defense counsel agreed to change Appellant's conviction from Theft by Unlawful Taking to Retail Theft: "We, attorneys for the parties hereto, join in and consent to the entry of the forgoing [sic] Order of the Court." Consent Order, dated 3/13/20. On March 16, 2020, the Prothonotary of the Blair County Court of Common Pleas entered the "Consent Order" on the Docket.[3]

On March 17, 2020, Appellant filed a Notice of Appeal from the Judgment of Sentence entered February 19, 2020, followed by a court-ordered Rule 1925(b) Statement. The trial court filed its Rule 1925(a) Opinion on July 14, 2020, specifically incorporating its December 5, 2019 Opinion and Order. **See** Rule 1925(a) Opinion, at 6.[4]

_____

[3] The docket sheet accompanying the supplemental CCP record sent to this Court states that on February 19, 2020, Appellant pled guilty to Retail Theft, 18 Pa.C.S. § 3929(a)(1), and the court dismissed the charges of Theft by Unlawful Taking, 18 Pa.C.S. § 3921(a), graded as an M1, and Receipt of Stolen Property, 18 Pa.C.S. § 3925(a), also graded as M1. These entries do not reflect what actually occurred in this case because the parties and the court cannot, after sentencing, change the charges for which the court has already convicted a defendant. We express our deepest concern that the trial court would attempt to change the crime for which the trial court convicted Appellant after the conviction and sentencing.

[4] The Pa.R.A.P. 1925(b) Statement does not indicate any specific crime for which Appellant wished to challenge the sufficiency of the evidence. The

In his Brief, Appellant raises the following issue for our review:

Whether the evidence presented at non-jury trial was insufficient to establish the elements of any charge of Retail [T]heft graded as a summary. [sic]

Appellant's Brief at 5.

Before we turn to the issue raised in Appellant's Brief, we are constrained to make the following preliminary observations with respect to the numerous errors committed by the trial court. First, the Crimes Code, enacted by the legislature, defines which offenses are considered summary offenses. The legislature has provided no provision for allowing a court or litigants to determine when crimes may be considered summary offenses. Relevant here, the legislature did not define or classify the crime of Theft by Unlawful Taking as a summary offense. Rather, under the circumstances presented here, *i.e.*, theft of an item valued at greater than $200, the legislature defined and classified the crime of Theft by Unlawful Taking as a misdemeanor in the first degree. **See** 18 Pa.C.S. § 106 (classifying crimes); 18 Pa.C.S. § 3921 (defining Theft by Unlawful Taking); 18 Pa.C.S. §3903 (grading of Theft offenses); and 18 Pa.C.S. § 3903(b) (defining certain Thefts as misdemeanors). Because the legislature has classified Theft by Unlawful Taking-Movable Property as a misdemeanor of the first degree, the court

_____

court's Pa.R.A.P. 1925(a) Opinion addresses only the evidence supporting the conviction of Theft by Unlawful Taking.

and the parties here did not have the discretion to classify the crime as a summary offense.

Moreover, courts do not have the authority to alter a verdict after trial to find a defendant guilty of an offense for which he was not tried. In **Commonwealth v. Peduzzi**, 488 A.2d 29, 31 (Pa. Super. 1985), this Court explained: "To alter the verdict after trial so as to find appellant guilty of a new and different offense, without [… an] opportunity to be heard, was error. . . . The court cannot amend a verdict post-trial so as to find the defendant guilty of a new and different offense than the one for which he was tried." **See also Commonwealth v. Martin**, 577 A.2d 200, 205 (Pa. Super. 1990) (stating: "In the absence of meaningful notice, *i.e.*, notice of the intended consolidation at a point in the trial process where a defendant has opportunity to respond, we will not uphold a conviction based on evidence that proves a theft offense different from the one originally charged").

Finally, after trial, conviction, and the rendering of a judgment of sentence in a case involving a misdemeanor conviction, a trial court may not take further action absent a party's filing, and a court's granting, of a post-sentence motion, **see** Pa.R.Crim.P. 720 (post-sentence motion procedures). However, trial courts are allowed to correct *sua sponte* a "patent and obvious mistake" in a sentencing order. **Com. v. Quinlan**, 639 A.2d 1235, 1239 (Pa. Super. 1994). **See, e.g., Com., ex rel. Powell v. Pennsylvania Dep't of Corr.**, 14 A.3d 912, 917 n.5 (Pa. Cmwlth. 2011) (citing **Quinlan**, **supra**, and

observing that "[a]n omission from an original sentence … is not a patent error *per se*.").

It is axiomatic that, whether by consent or otherwise, amending a criminal complaint and a criminal information to change the underlying crime for which a defendant was tried, convicted, and sentenced is not the equivalent of correcting "a patent and obvious mistake." ***Id.*** Because neither party here filed a post-sentence motion and the court did not "correct a patent and obvious error," the March 13, 2020 "Consent Order" is a legal nullity. The crime for which Appellant was charged, convicted, and sentenced is, and always has been, Theft by Unlawful Taking-Movable Property, a misdemeanor in the first degree.

Accordingly, we decline to review the issue Appellant has raised before this Court, *i.e.*, whether the evidence was sufficient to support a conviction for Retail Theft. ***See*** Appellant's Br. at 9-14 (arguing only that the evidence "was insufficient to establish the elements of Retail Theft."). The court did not convict Appellant of Retail Theft and did not sentence him on a conviction of Retail Theft. Rather, the court found Appellant guilty of Theft by Unlawful Taking-Movable Property after a trial and entered its sentence upon that conviction. [5] ***See*** N.T. Sentencing, 2/19/20.

_____

[5] We also note that by improperly grading the offense as a summary offense, the court imposed an illegal sentence. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An

However, our review of this case does not end there. Because the record is devoid of any evidence that Appellant waived his constitutional right to a jury trial and the Theft offense charged could result in a term of five years' incarceration at resentencing, 18 Pa.C.S. § 1104—we must vacate the conviction and remand for a new trial. *See Baldwin v. New York*, 399 U.S. 66, 68-69 (1970) (holding that where a conviction would result in a sentence exceeding six months' incarceration, an accused must be afforded his right to a jury trial); U.S. CONST. Art. III, § 2, CI. 3 ("The Trial of all Crimes ... shall be by Jury"), amend. VI (trial in all criminal prosecutions "by an impartial jury"); PA. CONST. Art. I, § 9 ("[i]n all criminal prosecutions the accused hath a right to ... trial by an impartial jury").[6]

---

illegal sentence must be vacated." *Commonwealth v. Stevenson*, 850 A.2d 1268, 1271 (Pa. Super. 2004) (*en banc*) (citation omitted). *See also Commonwealth v. Klein*, 795 A.2d 424, 431 (Pa. Super. 2002) ("an illegal sentence is a legal nullity, and the sentencing court must have the authority to correct such a sentence even if that means increasing the sentence." (citations omitted)). Since we are reversing the conviction and remanding for a new trial, we need not address the illegal sentence the trial court imposed.

[6] Although there is no case directly on point, this Court has the authority to raise *sua sponte* the lack of a proper waiver of a fundamental right, whether afforded by constitution or statute. *See*, *e.g.*, *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011) (raising *sua sponte* the lack of a first-time PCRA petitioner's lack of representation by counsel). *See also Commonwealth v. Copeland*, 240 A.2d 391, 393 (Pa. Super. 1968) (stating that "we are all of the opinion that, in the absence of [an appropriate] waiver, the court below lacked jurisdiction to try the case without a jury"); *Commonwealth v. Boerner*, 422 A.2d 583, 587 n. 6 (Pa. Super. 1980) ("When a court takes action beyond the power conferred on it by law (its

A criminal defendant may waive the right to a jury trial and proceed to a bench trial, but only after providing a recorded waiver of this right. **Commonwealth v. Sanchez**, 36 A.3d 24, 54 (Pa. 2011). Pa.R.Crim.P. 620 provides: "The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness."

As this Court has long stated, "fundamental error clearly appears [where there is an] entire failure to comply with the requirements of Pa.R.Crim.P. [620 (formerly Pa.R.Crim.P. 1101)]." **Commonwealth v. Watts**, 264 A.2d 439, 440 (Pa. Super. 1970). **See also Commonwealth v. Copeland**, 240 A.2d 391, 393 (Pa. Super. 1968) (stating that "we are all of the opinion that, in the absence of [an appropriate] waiver, the court below lacked jurisdiction to try the case without a jury"). In such circumstances, the appropriate remedy is the grant of a new trial. **Watts**, 264 A.2d at 440.

Accordingly, we are compelled to vacate Appellant's conviction, and remand for a new trial where Appellant is afforded the opportunity to waive his right to a jury trial.

---

jurisdiction), its action is a nullity, and objection to it cannot be waived by the defendant.").

Conviction vacated. Case remanded for a new trial. Jurisdiction relinquished.

Judge Shogan joins the memorandum.

Judge King concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/29/2021