Commonwealth *v.* Williams, Appellant.

Submitted June 8, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Melvyn S. Mantz* and *John W. Packel*, Assistant Defenders, and *Vincent J. Ziccardi*, Acting Defender, for appellant.

*James T. Owens*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 18, 1970:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

Appellant, Martan Williams, appeals from his March 1969 conviction of aggravated robbery, by a judge sitting without a jury, in the Court of Common Pleas, Philadelphia.

Appellant alleges that his waiver of a jury trial was invalid, and that the trial court erred in continuing to sit after it had ruled against acceptance of appellant's guilty plea.

Rule 1101 of the Pennsylvania Rules of Criminal Procedure requires for a proper waiver that the defendant must sign the waiver form and that there must be an on the record colloquy with the judge who accepts the waiver which indicates that the defendant is fully aware of the consequences of his waiver.* In *Commonwealth v. Watts,* 216 Pa. Superior Ct. 300, 264 A. 2d 439 (1970), this Court, speaking through President Judge WRIGHT, held that where courts fail to adhere strictly to this rule a new trial will be granted. In the instant case the defendant signed the necessary form, but the colloquy consisted of only one question. The judge asked the accused whether he understood what he was doing. That is not adequate colloquy under Rule 1101.

Secondly, the trial judge continued to sit after discussing appellant's offer of a guilty plea with him, and refusing the plea because it appeared appellant might have a defense. Appellant argues that it was error for the same judge to hear the merits of the case after having considered a plea of guilty. I agree. The awareness that the defendant had been willing to admit guilt could interfere with the court's ability to hear the evidence impartially on the presumption that he was innocent. In *Commonwealth v. Evans,* 434 Pa. 52, 56-7, 252 A. 2d 689, 691 (1969), the Court stated in a note: "Moreover, if a judge refuses to accept a plea bargain agreed to by the defense and the Commonwealth, or

---

* "Rule 1101. Waiver of Jury Trial. In all cases, except those in which a capital crime is charged, the defendant may waive a jury trial with the consent of his attorney, if any, the attorney for the Commonwealth, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record and shall be in the following form: . . ."

if a plea of guilty or nolo contendere is withdrawn because the trial judge decides that his original agreement was inappropriate, then the trial should be held where practical before another judge who has no knowledge of the prior plea bargaining." I find this language persuasive regardless of the reasons for refusing the guilty plea. In Philadelphia it would not work a hardship to assign such a case to another judge.

I would reverse the order of the court below and grant a new trial.

HOFFMAN, J., joins in this dissenting opinion.