## Commonwealth *v.* Hooks, Appellant.

Argued June 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*John W. Packel,* Assistant Defender, with him *Barbara Bailey,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James T. Ranney,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Ar-*

*len Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

The sole substantial issue in this case is whether appellant knowingly and intelligently waived his right to a jury trial in accordance with Pennsylvania Rule of Criminal Procedure 1101.

Immediately before trial, appellant at the bar of the court engaged in the following colloquy with defense counsel and the court: "Q. Mr. Hooks, you have a right to a jury trial, are you aware of that? A. Yes, I am. Q. Do you know what a jury trial is? A. Yes. Q. Do you wish to demand a jury to hear your case at this time? A. No, I don't. Q. You can choose to do without a jury and have your case heard by Judge Murphy alone. A. Yes, sir. Q. Do you want to do that? A. Yes, sir. Q. No one has persuaded you to do that? A. No, sir. Q. How old are you? A. Twenty-two. Q. How far did you go in school? A. I completed the Ninth Grade. Q. Do you have any mental difficulty that you know of? A. No, none that I know of. . . . Q. Have you discussed this matter with your attorney, the matter of the waiver of a jury trial? A. Yes. Q. Are you satisfied with his advice? A. *I don't really understand some of the things. Some of the things are still not clear to me.* Q. Are you willing to execute the waiver? A. Yes. THE COURT: The Court will accept the waiver." (Emphasis added). Appellant was then tried by the judge sitting without a jury and found guilty.

Pennsylvania Rule of Criminal Procedure 1101 in relevant part provides that when an accused seeks to waive his right to a jury trial "the judge shall ascer-

260

tain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record." This requirement was not met in the instant case as the trial judge failed to inquire of appellant what he did not understand and what was not clear to him with respect to his attempted waiver of a jury trial.

In *Commonwealth v. Watts*, 216 Pa. Superior Ct. 300, 264 A. 2d 439 (1970), this Court in an opinion by President Judge WRIGHT strictly construed the operation of Rule 1101 and held that it is fundamental error not to comply with its requirements.

I would vacate the judgment of sentence below and order a new trial.

MONTGOMERY, J., joins in this dissenting opinion.