Opinion by
Watkins, J.,
This is an appeal from the order of the Court of Common Pleas of Philadelphia denying post-conviction relief to the defendant, Edward Williams.
The defendant was charged with assault and battery, aggravated assault and battery with intent to murder, carrying a concealed deadly weapon, unlawfully carrying a firearm without a license, and burglary with intent to commit a felony. He entered a plea of not guilty to all charges, waived a trial by jury and was tried before Judge Samuel H. Rosenberg. He was found not guilty of carrying a concealed deadly weapon and unlawfully carrying a firearm without a license. He was found guilty of burglary with intent to commit a felony, assault and battery and aggravated assault and battery. Post-trial motions were denied. He was sentenced to not less than 3 y2 years nor more than 7 years on the indictments of assault and battery and aggravated assault and battery with intent to commit murder. Sentence was suspended on the other charges.
The judgment of sentence was appealed to this Court and affirmed, per curiam. Petition to the Supreme Court of Pennsylvania for allocatur was denied. *486 A petition was then filed below for post-conviction relief which was denied without a hearing. On appeal to this Court, the case was remanded for hearing on the post-conviction petition. Hearing was held before Doty, J. below and the petition was denied. This appeal followed.
There is only one question that deserves serious consideration and discussion in this appeal. The defendant complains that he did not knowingly and intelligently waive his right to a jury trial.
The defendant relies on Rule 1101 of the Pennsylvania Rules of Criminal Procedure that holds that the judge shall ascertain from the defendant whether there is a knowing and intelligent waiver and such colloquy shall appear on the record. The only thing that appears in this record is the written waiver of trial by jury and the statement of counsel in the presence of the defendant and before the court that “I will waive all the way”. At the hearing before Judge Doty, the following questions and answers appear in the transcript : “Q. Now at that time when you were called up to the bar of the court, you knew what a jury was, did you not? A. I never had a jury trial before. Q. I understand that, but you knew a jury consisted of twelve people who determined your guilt or innocence, is that correct? A. Correct. Q. You also heard the Judge explain to you that if you wanted, you could have that kind of a trial with twelve people to decide your guilt or innocence, didn’t you hear the Judge say that to you? A. (No response). Q. Didn’t you hear the Judge say that to you? A. Yes.”
This explanation does not appear in the trial record. All that appears there is defendant’s Attorney Shantz’s statement “I will waive all the way” and the court’s statement “Do you want to discuss it further?” and the answer “No”. The required waiver form was *487 signed by the defendant and the record shows prior experience in the courts having been sentenced to 4 to 10 years for homicide.
In Commonwealth v. Williams, 217 Pa. Superior Ct. 285, 269 A. 2d 143 (1970), this Court affirmed in a 5-2 per curiam order the judgment of sentence below. In that case, the waiver had been signed and the only question appearing in the transcript was as follows: “Q. You knew you had a right to a jury trial? A. Yes.” Petition for allocature to the Supreme Court was refused.
The defendant relies heavily on Commonwealth v. Copeland, 212 Pa. Superior Ct. 195, 240 A. 2d 391 (1968) and Commonwealth v. Watts, 216 Pa. Superior Ct. 300, 264 A. 2d 439 (1970). However, in these cases, there had been no written waiver of a jury trial signed by the defendant.
After a full evidentiary hearing, Judge Doty found as a fact that the defendant understood his right and intelligently and knowingly waived it by choice. In Commonwealth v. Young, 433 Pa. 146, 249 A. 2d 559 (1969) , the Supreme Court held that findings of the court below will not be disturbed on appeal unless they have no support in the record. Here the court below had before it a signed waiver and the testimony of the defendant at the hearing supporting the finding. In the Young case, supra, the question before the hearing judge was whether the plea was induced by a confession and the Supreme Court speaking through Mr. Justice Egberts said at page 149: “The determination of whether the plea was primarily induced by the confession is one that the hearing judge will make largely through his firsthand examination of appellant.”
The contention that he was substantially prejudiced by lack of counsel at the preliminary hearing is without merit. This was not raised in his direct appeal *488 from judgment of sentence and should be deemed waived. Commonwealth v. Simon, 446 Pa. 215, 285 A. 2d 861 (1971). See also, 19 P.S. §1180-4(b). The right to counsel at a preliminary hearing as determined by Coleman v. Alabama, 399 U.S. 1, 90 S. Ct. 1999 (1970), is not retroactive to the time of defendant’s trial. Adams v. Illinois, 405 U.S. 278, 92 S. Ct. 916, 31 L. Ed 2d 202 (1972); Commonwealth v. Brown, 217 Pa. Superior Ct. 190, 269 A. 2d 383 (1970). And as the court below put it: “Of course, the defendant is not precluded from showing such ‘substantial prejudice’ as to warrant the granting of relief: Commonwealth v. Brown, supra at page 195. In the instant case there was no such substantial prejudice.”
Order of the court below is affirmed.