Dissenting Opinion bt
Hoffman, J.:
In this appeal from denial of a petition for post-conviction relief, appellant contends that Ms waiver of jury trial was invalid because there was no colloquy on the record coneerMng the waiver as required by Pennsylvania Rule of Criminal Procedure 1101. I agree with this contention for the reason set forth in Judge Spaulding’s dissent in Commonwealth v. Williams, 217 Pa. Superior Ct. 285, 269 A. 2d 143 (1970).
Rule 1101 which became effective on August 1, 1968, one year before appellant’s trial provides: “In all cases, except those in which a capital crime is charged, the defendant may waive a jury trial with the consent of his attorney, if any, the attorney for the Commonwealth, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record. The waiver shall be in writing, made a part of *489 the record and shall be in the following form . . . .” (Emphasis added).
The previous rule required only a written waiver signed by the judge, defendant, and attorney for the Commonwealth, Act of June 11, 1935, P. L. 319, 19 P.S. §786. The new rule, however, imposes the additional requirement of a recorded colloquy between the judge and the defendant as to whether the waiver is voluntary and intelligent. The record shows that no colloquy occurred in this case. Such a colloquy gives the defendant oral notice of the rights he is waiving, the trial judge a better indication of the intelligence and voluntariness of a defendant’s waiver, and a reviewing court a basis on the record upon which a trial judge’s finding of voluntariness and intelligence can be reviewed. These advantages are not present when the defendant only signs a waiver form.
In Commonwealth v. Copeland, 212 Pa. Superior Ct. 195, 240 A. 2d 391 (1968), we held that literal compliance with the predecessor of Eule 1101 was necessary for a valid waiver. I see no reason Avhy we should not require literal compliance with the dual requirements of the present rule, and hold that failure to do so is fundamental error. Commonwealth v. Watts, 210 Pa. Superior Ct. 300, 264 A. 2d 439 (1970). See also Commonwealth v. Hooks, 220 Pa. Superior Ct. 258, 281 A. 2d 759 (1971). I Avould, therefore, reverse the denial of the petition and grant appellant a neAV trial.[1]
*490 Spaulding, J., joins in this dissenting opinion.

 The majority indicates that, despite the absence of a colloquy, Judge Doty could find on the basis of testimony presented at the post-conviction hearing that appellant intelligently waived his right to a jury trial. AVhile I believe that this procedure is improper and that the total failure to engage in such a colloquy is fundamental, error in itself, it is apparent that the testimony at the post-conviction hearing was not sufficient to support a finding that appellant intelligently waived his right to a trial by jury. The only independent knowledge of appellant, brought out on cross-examination *490 in the post-conviction hearing, was that in a jury trial twelve people would determine his guilt or innocence. He was not informed that a jury would be chosen from members of the community; that he would be entitled to participate in the selection of the jury panel by peremptory challenges and challenges for cause; or that a verdict of guilty would require the concurrence of all twelve members of the jury. He was thus not fully aware of “the full dimensions of the right . . . [and] [i]t cannot be assumed that the [appellant] understands any element of the right which has not been explicitly explained.” Commonwealth v. Ritchey, 431 Pa. 269, 272-73, 245 A. 2d 446 (1968) (right to counsel on appeal).
It is clear that even if the majority is correct in its view of the proper procedure to be followed in determining the validity of a waiver of jury trial, the evidence presented below did not establish a knowing and intelligent waiver of this constitutional right Appellant could not weigh the circumstances and consequences of his waiver, and, therefore, the waiver could not be found to be knowing and intelligent. See Commonwealth v. Wilson, 430 Pa. 1, 241 A. 2d 760 (1968) (right to counsel on appeal).