J-S77012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARKISE CROSBY | : | |
| | : | |
| Appellant | : | No. 532 EDA 2017 |

Appeal from the PCRA Order January 6, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008007-2009

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.: **FILED FEBRUARY 22, 2019**

Markise Crosby appeals from the order entered January 6, 2017, in the Court of Common Pleas of Philadelphia County, denying his first petition filed pursuant to the Pennsylvania Post Conviction Act (PCRA), 42 Pa.C.S. § 9541-9546. Crosby seeks collateral relief from the judgment of sentence of 20 to 40 years' imprisonment, followed by five years' probation, after he was found guilty of murder in the third degree and possession of an instrument of crime (PIC),[1] and pleaded guilty to two violations of the Uniform Firearms Act (VUFA), namely, carrying a firearm without a license and carrying a firearm on public streets or public property in Philadelphia.[2] Crosby contends the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c) and 907(a).

[2] 18 Pa.C.S. §§ 6106(a)(1) and 6108.

PCRA court erred in dismissing his PCRA petition without a hearing. In his brief, Crosby argues: (1) Trial counsel was ineffective in permitting Crosby to plead guilty in front of the jury to the VUFA charges, (2) Trial counsel was ineffective in failing to move for a cautionary instruction which would have told the jury that it could not hold the guilty plea against Crosby when evaluating his culpability on all other crimes, (3) Trial counsel was ineffective in failing to make sure during the colloquy that Crosby was aware the plea could be used against him by confronting his character witnesses with the plea, (4) The decision to plead guilty to the VUFA charges was defense counsel's decision and Crosby did not enter a knowing, intelligent and voluntary plea. Based upon the following, we affirm on the basis of the PCRA court's well reasoned opinion.

The underlying facts and procedural history are well known to the parties and we need not reiterate them here. **See** PCRA Court Opinion, 5/31/2017, at 1-3. We simply state that Crosby's judgment of sentence was affirmed by this Court on January 3, 2013, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on November 8, 2013. **Commonwealth v. Crosby**, 64 A.3d 268 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 79 A.3d 1097 (Pa. 2013). Crosby filed the instant petition on January 9, 2014,[3] and appointed counsel filed an amended

---

[3] The date of "January 9, 2013" in the PCRA court's opinion should read "January 9, 2014." **See** PCRA Court Opinion, 5/31/2017, at 2.

petition on January 27, 2016. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss, and thereafter formally dismissed the petition on January 6, 2017. This timely appeal followed.[4, 5]

The principles that guide our review are well settled.

> We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error. When supported by the record, the PCRA court's credibility determinations are binding on this Court, but we apply a de novo standard of review to the PCRA court's legal conclusions. *Id.* We must review the PCRA court's findings and the evidence of record in a light most favorable to the Commonwealth as the winner at the trial level.
>
> ****
>
> With respect to claims of ineffective assistance of counsel, counsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary. To prevail, the petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. With regard to the second prong (reasonable

---

[4] It appears that counsel for Crosby filed a Pa.R.A.P. 1925(b) statement on May 23, 2017, beyond the court-ordered deadline of April 17, 2017, thereby causing Crosby's claims to be waived for review. **See** Pa.R.A.P. 1925(b)(4)(vii) (all issues not properly raised in a court-ordered concise statement are waived). This Court has held that PCRA counsel is ineffective *per se* for failing to file a timely concise statement, and where the PCRA court has addressed the merits of the claims included in the late-filed statement, no remand is necessary for the filing of a concise statement *nunc pro tunc*, and we may address the merits of the issues presented. **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018), *appeal denied*, ___ A.3d ___ (Pa. 2019). Applying **Presley** to this case, we proceed to the merits.

[5] While the PCRA court opinion states Crosby's appeal was filed on January 24, 2017, the record reflects the notice of appeal was filed on February 2, 2017. **See** PCRA Court Opinion, 5/31/2017, at 2.

basis), we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will hold that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative offered a potential for success substantially greater than the course actually pursued. Our review of counsel's performance must be highly deferential. To establish the third element (prejudice), the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

Because a petitioner's failure to satisfy any of the above-mentioned elements is dispositive of the entire claim, [a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first.

\*\*\*\*

[T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.

***Commonwealth v. Brown***, 196 A.3d 130, 150-151, 192-193 (Pa. 2018)

(citations and internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well reasoned opinion of the Honorable Rose Marie DeFino-Nastasi, we conclude no relief is warranted. The PCRA court's opinion

- 4 -

fully addresses and properly disposes of the issues raised in this appeal. *See* PCRA Opinion, 5/31/2017, at 4-12 (finding, *inter alia*: (1) Trial counsel had an objectively reasonable basis for permitting Crosby to plead guilty in front of the jury, specifically, to have Crosby appear more credible by admitting immediately to a crime he did commit, in advancing Crosby's claim of self defense; the jury heard the same evidence when Crosby testified to self defense at trial and admitted to possessing the gun in front of the jury, and Crosby appeared more credible by previewing to the jury he was willing to come clean right up front about his criminal conduct; (2) Trial counsel had a reasonable basis for not requesting a cautionary instruction; the trial court instructed the jury at the close of trial regarding the presumption of innocence, the Commonwealth's burden of proof, the elements of the crimes charged, and self-defense; Crosby's guilty plea to VUFA charges was cumulative of other evidence elicited at trial, including Crosby's own testimony that he illegally purchased the firearm and used the firearm to shoot the decedent; a cautionary instruction was not warranted since this evidence was not admitted as a prior bad act, but as part of a defense strategy to establish Crosby's credibility before he testified; further, Crosby cannot show prejudice since two eyewitnesses testified they had not seen the victim make any threatening move or action prior to Crosby shooting him, both testified Crosby shot the victim 11 times, and Crosby fled and remained a fugitive for six weeks; (3) Regarding Crosby's claim trial counsel was ineffective in failing to inform him

his character witness could be cross examined as to his guilty plea on the VUFA charges, Crosby's character witness, his grandfather (a retired Philadelphia police officer), testified Crosby had a "very good reputation" for being a "peaceful non-violent person," and on cross examination, testified over objection that he was present when Crosby pled guilty and the fact that Crosby pled guilty would not change his testimony; Crosby testified he was in possession of the firearm and explained why he used it; Crosby knew of trial counsel's strategy; and Crosby received the benefit of a jury instruction on character;[6] and (4) Crosby was fully colloquied on the record explaining his right to a trial by jury, and he indicated under oath he understood his rights and agreed to plead guilty to the VUFA charges; he acknowledged he spoke to counsel and no one had threatened or promised him anything; Crosby was fully advised of the rights he was surrendering and nevertheless agreed to plead guilty; assuming, *arguendo*, he was not advised his character witness could be impeached with his plea, Crosby cannot show prejudice for the reasons already discussed).

---

[6] Although the PCRA court also opined that Crosby was "alerted" to the fact that his character witness could be confronted with evidence of the guilty plea by the prosecutor's comment during discussion whether Crosby would be permitted to plead guilty in front of the jury ("He doesn't have character for peacefulness if he is pleading to a gun charge unlicensed firearm." N.T., 3/15/2011, at 11), we do not rely on this reasoning since trial counsel's response was that the prosecutor could use the evidence of the plea in closing argument. **See id.** at 11.

Our review confirms the PCRA court's analysis that concludes Crosby has failed to satisfy the three-prong ineffectiveness test with respect to each of his claims of deficient stewardship. Accordingly, we affirm the dismissal of Crosby's PCRA petition on the basis of the PCRA court's opinion.[7]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/19

---

[7] In the event of further proceedings, the parties are directed to attach a copy of the PCRA court's May 31, 2017, opinion to this memorandum.

FILED

MAY 3 1 2017

Office of Judicial Records
Appeals/Post Trial

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**

**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA   :      CP-51-CR-0008007-2009

v.                               :      532 EDA 2017

MARKISE CROSBY              :

                                  :      CP-51-CR-0008007-2009 Comm. v. Crosby, Markise
                                                            Opinion

**OPINION**

Rose Marie DeFino-Nastasi, J.

7955055631

## PROCEDURAL HISTORY

On March 21, 2011, Petitioner was convicted after a jury trial, presided over by the Honorable Rose Marie DeFino-Nastasi, of one count of Third Degree Murder, as a felony of the first degree and of one count of Possession of an instrument of Crime (PIC), 18 Pa.C.S. § 907(b), as a misdemeanor of the first degree.[1]

On June 24, 2011, Petitioner was sentenced to twenty (20) to forty (40) years imprisonment for Third Degree Murder; a concurrent term of three and one-half (3 ½) to seven (7) years imprisonment for carrying a firearm without a license; a consecutive term of five (5) years probation for carrying a firearm on public streets or public property in Philadelphia; and for PIC.

On July 1, 2011, Petitioner filed a motion for reconsideration of sentence, which was denied on July 26, 2011.

On January 3, 2013, the Superior Court affirmed the trial court. *Commonwealth v. Crosby*, No. 1737 EDA 2011 (Pa, Super. Jan. 3, 2013).

---

[1] After being arraigned before the jury on the charge of VUFA § 6106 and § 6108, Petitioner pled guilty. He pled not guilty to all other charges.

1

On January 9, 2013, Petitioner filed a timely pro se Post Conviction Relief Act (PCRA) petition. David Rudenstein, Esq., was appointed as PCRA counsel.

On January 27, 2016, Petitioner through PCRA counsel filed an amended PCRA petition.

On October 5, 2016, the Commonwealth filed a Motion to Dismiss.

On January 6, 2017, the Court formally dismissed the PCRA.

On January 24, 2017, Petitioner filed the instant appeal to the Superior Court.

On May 23, 2017, Petitioner filed a 1925(b) Statement of Matters Complained of on Appeal, pursuant to an Order of the Court, claiming that:

1. The Court erred where it dismissed Petitioner's amended PCRA petition without holding an evidentiary hearing even though the Petitioner properly pled, and could have proven, several causes for relief, including the following:

   a. Trial counsel was ineffective when counsel permitted Petitioner to plead guilty to VUFA charges, in front of the jury.

   b. Trial/defense counsel was ineffective for failing to move for a cautionary instruction which would have told the jury that it cannot hold a guilty plea against Petitioner when evaluating his culpability on all other crimes.

   c. Ineffective assistance of trial counsel who never informed Petitioner that his character witness would be cross-examined as to his prior conviction – which was the plea to the VUFA charge, and which Petitioner, thus, never consented to said cross-examination.

   d. Petitioner's decision to plead guilty to VUFA was his defense counsel's decision, as it appears that Petitioner did not meaningfully partake in that

2

decision-making process, nor could he reach a knowing, intelligent and voluntary decision as to whether he should have pled guilty to that charge without being informed that his character witness could be cross-examined about his VUFA plea.

2. Petitioner is entitled to a remand of the PCRA Court for an evidentiary hearing and/or permission to withdraw his plea and go to trial as the Court erred when it denied Petitioner's amended PCRA petition without a hearing as Petitioner was victimized by ineffective assistance of counsel.

## STATEMENT OF FACTS

Petitioner shot and killed his childhood friend, the decedent, Cedric Brown.

On September 9, 2008, at approximately 9:30 p.m., Petitioner and another friend, Tommy Williams, were standing on the porch of Williams's grandmother's house when the decedent and Nasiyr Carter approached them. All four males grew up together. Petitioner engaged in an argument with his longtime friend, Carter. Carter believed that Petitioner and his friends had burglarized the house of the decedent. The argument escalated and the decedent joined in the argument. Ultimately, Petitioner pulled out a gun and fired at the decedent eleven times, striking him in the back of the head, neck, torso, arms and left thigh. Petitioner fled the scene and was not arrested until October 22, 2008. The decedent was pronounced dead at the scene.

Petitioner testified that he was acting in self-defense. He told the jury that a few days prior to the incident, the decedent, Carter, and another male named "Drew" came to his house and accused him of breaking into the decedent's home. At that time, Petitioner and the decedent had a physical altercation and the decedent lifted his shirt and flashed a gun. The decedent told Petitioner that he was lucky that "too many people were outside." Petitioner testified that he then

3

bought a gun because he was in fear of the decedent. On September 9, 2008, while Petitioner was standing on Williams' porch, the decedent and Carter showed up. Another argument ensued and the decedent said to Petitioner, "where the bread at or I will pop you right now?" Upon seeing the decedent reach for his waist, Petitioner pulled at his gun and began firing.

## ANALYSIS

### Issue I

*a. Trial counsel was ineffective when counsel permitted Petitioner to plead guilty to VUFA charges, in front of the jury.*

A PCRA petitioner alleging ineffectiveness of counsel will be granted relief only if he is able to prove that, "in the circumstances of [his] particular case," the truth-determining process was undermined to the extent "that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). It is well settled that counsel is presumed effective. *Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011). This presumption arises from the recognition that it is all too easy for the defendant or the court to second guess a strategy that has proven unsuccessful. *Id.* Rather, a reviewing court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's perspective at the time." *Id. (quoting Strickland v. Washington*, 466 U.S. 668, 690 (1884).

Pennsylvania Courts have refined the *Strickland* performance and prejudice test into a three-part inquiry. Thus, to prove an ineffective assistance of counsel claim, a petitioner must prove that: (1) the underlying issue is of arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) that the petitioner was prejudiced by counsel's act or omission, *Commonwealth v. Koehler*, 36 A.3d 121, at 132 (Pa.2012) (*citing Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa.1987)). For a claim to have arguable merit, a petitioner must

4

prove "that the underlying legal claim ... has 'arguable merit.'" *Commonwealth v. Steele*, 961 A.2d 786, 821 (Pa.2008) (emphasis in original), in regards to prejudice, the third prong of the ineffective assistance of counsel test, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Koehler*, 36 A.2d at 132. The failure to show any prong of this test will cause the entire ineffective assistance of counsel claim to fail. *Id.* at 132. Furthermore, courts are not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first. *Lesko*, 15 A.3d at 374.

"Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chooses a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Puksar*, 951 A.2d 267, 277 (Pa. 2008). If a defendant fails to demonstrate that counsel's act or omission adversely affected the outcome of the proceedings, the ineffectiveness claim should be dismissed at the outset, and the court need not first determine whether the defendant has satisfied the first and second prongs of the test.

Prior to formal arraignment before the jury, defense counsel made it perfectly clear that they wanted the Petitioner to be permitted to plead guilty in front of the jury to the two weapons offenses. In fact, when the assistant district attorney objected and requested that the plea be done outside of the presence of the jury, the defense argued that it was the Petitioner's right to enter his guilty plea before the jury. The defense indicated that it would be presenting a defense of justification and that the Petitioner would be testifying on his own behalf and admitting that he possessed an illegal firearm. Furthermore, it is clear from the record that the defense strategy was

to have the Petitioner appear more credible before the jury for admitting immediately to a crime he did commit while maintaining his innocence of the murder charge. Furthermore, Petitioner provided an explanation to the jury as to why he had the gun – for self-protection – since the decedent had recently threatened him with a gun.

The court heard argument from both sides and permitted the Petitioner to enter his plea when arraigned before the jury. The court then held the plea under advisement until the end of the trial so that no factual basis would be read before the jury.

The Petitioner was fully colloquied outside of the presence of the jury regarding whether his plea was knowing, intelligent and voluntary. The Petitioner affirmed that he understood that he was about to be tried by a jury on the murder and VUFA charges; that by pleading guilty to the VUFA charges, he was giving up his right to have the jury decide that issue; that he was giving up his right to claim that he did not possess the gun; that he understood that his appellate rights were limited to four grounds on the VUFA charges; that he understood the maximum sentences for the VUFA charges and the Commonwealth's burden of proof at trial. The Petitioner indicated that no one promised him anything or threatened him in any way to plead guilty. Twice Petitioner stated that he was satisfied with counsel's representation.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or whether the alternative not chosen offered a significantly greater potential for success. *Commonwealth v. Colavita*, 993 A.2d 874 (Pa. 2010). Counsel's decisions will be considered reasonable if they effectuated his client's interests. *Commonwealth v. Miller*, 987 A.2d 638 (PA. 2009). "We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken." *Id.* at 653.

6

Petitioner's claim is similar to that at issue in *Commonwealth v. Savage*, 529 Pa. 108, 602 A.2d 309 (1992). In *Savage*, a murder prosecution, defense counsel disclosed, in his opening statement, the defendant's prior criminal record involving convictions for attempted burglary and drug and weapons offenses. Counsel's strategy rested upon the jury believing that the defendant was credible, since the defendant needed to testify to establish self-defense. To advance this strategy, counsel wanted to demonstrate that the defendant was willing to be honest about his past. Following his conviction, the defendant appealed alleging ineffective assistance of counsel. The Supreme Court of Pennsylvania held that the introduction of the defendant's prior crimes to vouch for his credibility was not unreasonable, even if unsuccessful, under the circumstances.

In the instant case, the record reflects that counsel had an objectively reasonable basis for permitting Petitioner to plead guilty to the gun charges in front of the jury. Prior to accepting the plea, counsel stated on the record that they would be presenting a defense of self-defense. N.T. 3/15/11, at p. 10. During discussions, the Court stated that if they are going to assert self-defense, Petitioner will be admitting to possessing a gun – "he could do it by testifying or standing in front of the jury and pleading guilty." *Id.*, at 11. In accordance with defense counsel's strategy, in her opening statement, defense counsel argued that Petitioner shot the decedent in self-defense. *Id.*, at pp. 42-43. Petitioner subsequently testified to self-defense at trial. He also testified that prior to the shooting he had illegally purchased a loaded .9 millimeter firearm and that he carried the gun every time he left his home. N.T. 3/18/11, at pp. 81-82, 90-91. Petitioner pled guilty to the same charges that he freely admitted to having committed when he testified at trial. The jury heard the same evidence – whether he pled guilty to the VUFA charges in front of the jury or whether he testified and admitted to possessing the gun in front of the jury at trial. The only difference between the Petitioner pleading guilty before the jury and the Petitioner admitting to

7

guilt on the witness stand is that the Petitioner appeared more credible by previewing to the jury that he was willing to come clean right up front about his criminal conduct which contributed to the incident in question, thereby giving the jury an impression of his sincerity. The fact that the jury did not believe his version of the events in the end is of no moment since the analysis of the strategy is not made in hindsight based on outcome.

It is apparent from the record that trial counsel had a reasonable basis for their strategy and therefore Petitioner is unable to show prejudice.

> b. *Trial/defense counsel was ineffective for failing to move for a cautionary instruction which would have told the jury that it cannot hold a guilty plea against Petitioner when evaluating his culpability on all other crimes.*

In her closing arguments, defense counsel argued that the fact that the gun was purchased illegally had no bearing on whether Petitioner acted in self-defense. N.T. 3/18/11, at p. 136. At the close of trial, the Court instructed the jury that "the defendant is presumed to remain innocent throughout the trial unless you, the Jury, conclude based upon careful and impartial consideration of the evidence that the Commonwealth has proven the defendant guilty beyond a reasonable doubt of the charges made against him." N.T. 3/21/11, at pp. 5-6. The Court then instructed the jury on first and third degree murder, voluntary manslaughter, and self-defense. *Id.*, at pp. 13-21. The Court explicitly told the jury each of the elements which they were required to find beyond a reasonable doubt in order to find Petitioner guilty of each particular offense.

Moreover, trial counsel had a reasonable basis for not requesting a cautionary instruction. Evidence of Petitioner's guilty plea to VUFA was cumulative of the other evidence elicited

8

during trial, including Petitioner's own testimony when he testified that he illegally purchased the firearm and used that firearm to shoot the decedent. A cautionary instruction was not warranted since this evidence was not admitted as a prior bad act, but as part of a defense strategy to establish Petitioner's credibility before Petitioner testified.

Finally, Petitioner is unable to show prejudice: the two eyewitnesses testified at trial that they had not seen the decedent make any threatening move or action prior to Petitioner shooting him. N.T. 3/15/11, at p. 124. Furthermore, both testified that the Petitioner shot the unarmed decedent eleven times. Finally, instead of remaining at the scene, Petitioner fled and remained a fugitive for six weeks. Therefore, Petitioner is unable to prove that the jury would have acquitted him of the remaining charges had a cautionary instruction been given.

c. *Ineffective assistance of trial counsel who never informed Petitioner that his character witness would be cross-examined as to his prior conviction – which was the plea to the VUFA charge, and which Petitioner, thus, never consented to said cross-examination.*

A character witness may be cross-examined regarding his knowledge of particular acts of misconduct by the defendant to test the accuracy of his testimony and the standard by which he measures reputation. *Commonwealth v. Smith*, 539 Pa. 128, 135, 650 A.2d 863, 867 (1994) (*quoting Commonwealth v. Peterkin*, 511 Pa. 299, 318, 513 A.2d 373, 383 (1986), cert. denied, 479 U.S. 1070, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987)), cert. denied, 514 U.S. 1085, 115 S.Ct. 1799, 131 L.Ed.2d 726 (1995). During jury selection, defense counsel indicated that they intended to present character testimony for peacefulness. In response, the Commonwealth argued that Petitioner had three prior convictions which occurred after the murder. N.T. 3/14/11. At pp. 282-283. The Court ruled that the defense could introduce character evidence for the trait of

9

peacefulness up until the time of the incident. N.T. 3/15/11, at pp. 2-3. During the discussion on the record about whether the Petitioner would be permitted to plead guilty to the VUFA charges in front of the jury, the Commonwealth stated, in the presence of Petitioner: "He doesn't have character for peacefulness if he is pleading to a gun charge." N.T. 3/15/11, at pp. 10-11. Hence, Petitioner was clearly alerted to the fact that his character witness could be confronted with evidence of his guilty plea.

After the Commonwealth rested, the defense presented character testimony from Petitioner's grandfather, a former Philadelphia police officer. He testified that Petitioner had a "very good reputation" for being "a peaceful non-violent person." N.T. 3/18/11, at pp. 70-71. On cross-examination, the Commonwealth asked the grandfather whether he was aware of the fact that his grandson was in possession of an illegal firearm in September of 2008. The grandfather testified that he was not. The Commonwealth then asked whether he was present when Petitioner "pled guilty to having a gun." Counsel objected, which the Court overruled. Petitioner's grandfather answered that he was present when Petitioner pled guilty and that the fact that Petitioner pled guilty to being in possession of an illegal firearm would not change his testimony. N.T. 3/18/11, at p. 72. As stated previously, Petitioner's plea was held under advisement and therefore was not a conviction. Furthermore, the Petitioner testified that he was in possession of the firearm and explained why he had it. Finally, it is clear that Petitioner knew of trial counsel's strategy. Therefore, the only effect that the character testimony had on the trial was that this Petitioner received the benefit of a jury instruction on character.

   *d. Petitioner's decision to plead guilty to VUFA was his defense counsel's decision, as it appears that Petitioner did not meaningfully partake in that decision-making process, nor could he reach a knowing, intelligent and voluntary decision as to*

10

*whether he should have pled guilty to that charge without being informed that his character witness could be cross-examined about his VUFA plea.*

Petitioner entered into a knowing, intelligent, and voluntary plea to VUFA § 6106 and VUFA § 6108. This was preceded by a full colloquy on the record explaining the Petitioner's right to trial by jury. Petitioner indicated, under oath, that he understood his rights and agreed to plead guilty to the VUFA charges. N.T. 3/15/11, at pp. 17, 20. Petitioner also acknowledged that he spoke to counsel and that no one threatened or promised him anything. *Id.* This colloquy was adequate to show a voluntary and intelligent guilty plea. *See Commonwealth v. Williams*, 222 Pa. Super. 484, 294 A.2d 909 (1972). Petitioner was fully advised of the rights which he was surrendering and nevertheless agreed to plead guilty to VUFA charges.

Furthermore, as discussed in Issue I(c.), above, the Commonwealth alerted Petitioner to the fact that his grandfather could be impeached with evidence of the plea. However, assuming, *arguendo*, that counsel did not tell Petitioner about this risk, Petitioner cannot show prejudice. Petitioner's guilty plea was merely cumulative once the Petitioner testified admitting guilt. Based on the circumstances, the questioning of the character witnesses regarding Petitioner possessing a weapon was not prejudicial. Rather the testimony from a retired Philadelphia police officer regarding Petitioner's reputation for being peaceful and non-violent was beneficial.

### Issue II

*Petitioner is entitled to a remand of the PCRA Court for an evidentiary hearing and/or permission to withdraw his plea and go to trial as the Court erred when it denied Petitioner's amended PCRA petition without a hearing as Petitioner was victimized by ineffective assistance of counsel.*

11

Petitioner claims that the PCRA court erred in failing to hold an evidentiary hearing. However, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super.2001). A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. *Id.* Moreover, a PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to relief as a matter of law. *Commonwealth v. Morrison*, 878 A.2d 102, 109 (Pa.Super.2005); see Pa.R.Crim.P. 907(2).

Here, the record belies Petitioner's claim that his previous counsel was ineffective. The record supports the PCRA court's factual finding that there was no relief due on the basis of the ineffectiveness claims raised. Thus, an evidentiary hearing on these issues was not required and Petitioner is not entitled to a remand or permission to withdraw his plea and go to trial.

## CONCLUSION

Based on the foregoing, the dismissal of Petitioner's PCRA petition should be affirmed.

By the Court:

Rose Marie DeFino-Nastasi, J.

12